IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES MICHAEL WEST, JR., | ) | |
| # 264345, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10cv789-WKW |
| | ) | (WO) |
| KENNETH JONES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION AND PROCEDURAL HISTORY

This is a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 brought by

a person in custody under a judgment of a court of the State of Alabama.  The petitioner,

James Michael West, Jr. ("West"), challenges his guilty-plea conviction for trafficking in

cocaine, in violation of § 13A-12-231, Ala. Code 1975, entered against him by the Circuit

Court of Houston County on October 5, 2009.  On that same date, the trial court sentenced

West as a habitual felony offender to life in prison.

When pleading guilty, West reserved the right to appeal the trial court's denial of his

motion to suppress the State's evidence.  West appealed to the Alabama Court of Criminal

Appeals, arguing that the trial court erred in denying his motion to suppress.  Specifically,

West argued that the police unlawfully stopped and searched his vehicle, discovering drugs

therein, without probable cause, in violation of the Fourth Amendment.  Exh. B at 10-18.[1]

He further argued that his subsequent confession to police was a product of the unlawful stop

and search of his vehicle and that, like the drugs found in his vehicle, his confession was

subject to suppression.  *Id*. at 16-18.

On March 5, 2010, the Alabama Court of Criminal Appeals affirmed West's

conviction by published opinion, holding that the trial court properly denied West's motion

to suppress.  *West v. State*, 53 So.3d 990 (Ala. Crim. App. 2010).  West filed an application

for rehearing with the Alabama Court of Criminal Appeals, which that court denied on April

16, 2010.  He then filed a petition for a writ of certiorari with the Alabama Supreme Court,

which was denied on June 18, 2010.  Exhs. E-G.

On September 17, 2010, West initiated this 28 U.S.C. § 2254 action by filing a habeas

petition in which he reasserts his claim, presented in the state courts, that the police

unlawfully stopped and searched his vehicle in contravention of the Fourth Amendment and

that, consequently, the drug evidence found in his vehicle and the statements he made to

police while in custody should have been suppressed.  Doc. No. 1 at 5 & 7.

The respondents answer that West's claim is precluded from review by this court

under the doctrine of *Stone v. Powell*, 428 U.S. 465 (1976), because West had an opportunity

for full and fair litigation of his Fourth Amendment-related issues in the state courts.  This

---

[1] References to exhibits ("Exh.") are to exhibits filed by the respondents' with their answer, Doc. No. 9.  Document numbers are those assigned by the clerk of this court.  Page references in the pleadings are to those assigned by CM/ECF.

court agrees and finds that federal habeas corpus review of West's Fourth Amendment claim is barred by the *Stone v. Powell* doctrine.

## II.   DISCUSSION

### A.   Exhaustion of State Remedies

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State."  28 U.S.C. § 2254(b)(1)(A).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim.  *O'Sullivan v. Boerckel*, 526 U. S. 838 (1999); 28 U.S.C. §2254(b) & (c).  In Alabama, this may be accomplished by raising certain claims on direct appeal and by way of post-conviction proceedings.  Exhaustion is not required if, at the time a federal habeas corpus petition is filed, petitioner has no available state remedy.  *Teague v. Lane*, 489 U. S. 288, 297-98 (1989); 28 U.S.C. § 2254(b)(1)(B)(I) & (ii).  West exhausted his state remedies by presenting his claim on direct appeal.[2]

---

[2] In Alabama, the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to the Alabama Court of Criminal Appeals, and an application for discretionary review by the Alabama Supreme Court.  *See* Ala. R.App. P. 4, 39, 40.

**B.     Claimed Fourth Amendment Violation**

West contends – as he did in his motion to suppress and on direct appeal – that the police unlawfully stopped and searched his vehicle without probable cause, in violation of the Fourth Amendment, and that the drug evidence found in his vehicle and the statements he made to police while in custody should therefore have been suppressed.  Doc. No. 1 at 5 & 7.  On direct appeal, the Alabama Court of Criminal Appeals rejected West's claim, finding, in pertinent part, as follows:

> On May 4, 2009, West filed a motion to suppress on the ground that the warrantless search of his vehicle, in which the police discovered 117 grams of cocaine, was illegal because, he said, it was conducted without probable cause. In the suppression hearing held on October 5, 2009, the State presented the following evidence.  On February 3, 2009, Sergeant Jim Holley and Officer Ray Mock of the Dothan Police Department were on patrol in the Omussee Road area of Dothan when they received a confidential tip that a white Nissan Titan truck being driven by a black male would soon be traveling on Omussee Road on its way from Georgia and that it was carrying a large quantity of cocaine.  No additional information about the suspect, the vehicle, or the suspect's anticipated movements or activities was supplied by the informant. Officer Mock testified that the person providing the tip was not a known, reliable informant.

> Less than an hour later, the officers saw a truck fitting the description provided by the informant driving in the opposite direction of the officers at a high rate of speed.  Officer Mock did not use a radar gun to document the speed of the truck, but guessed that it was traveling approximately 70 miles per hour, which was above the posted speed limit.  The officers began following the truck and observed the driver run a stop sign as he made a right turn onto Webb Road.  The truck continued to drive over the posted speed limit on Webb Road, made two more turns, and eventually pulled into a driveway of a house, later determined to be West's mother's house.  The officers, who were driving an unmarked police car, initiated the emergency lights right before the driver pulled into the driveway of the house.  West got out of the truck and locked it.  The two officers made contact with West and began asking him

4

about speeding and running the stop sign. Officer Mock testified that West was breathing heavily and that his hands were shaking as he handed the officers his driver's license. Officer Mock also noticed a bulge in West's pocket, so Mock conducted a pat-down search for officer safety, but no weapons were found.

A check of West's driver's license indicated that he was on probation. West told the officers that he was on probation for drug charges. The officers then asked West if they could search his car, but West would not give his consent to a search. The officers called Corporal Chad Kinney and asked him to bring a narcotics-detecting dog to the scene. Corporal Kinney and the canine arrived soon thereafter, at which point the dog indicated to the officers that drugs were present in the vehicle. The officers searched the truck and found four clear, plastic bags filled with a white powder that appeared to be cocaine between the front passenger seat and the door. A field test indicated that the substance in the plastic bags was in fact cocaine. The officers detained West and read him his *Miranda*[1] rights. West waived those rights and made a statement to police admitting that he had purchased the cocaine in another state for $4,000 with the intention of reselling it.

> [**n.1**. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).]

At the conclusion of the hearing, the trial court denied West's motion to suppress. The Court explained:

> "THE COURT: I think, with the traffic violations, that gives them their reasonable suspicion to stop him. And then I think that they're entitled to a reasonable period of time in which to get a drug dog out to further investigate the stop, which is what they did.
>
> "I agree you can't use the reliability of this informant to make this case. That's for future potential cases, not this case. Can't use the fact that he declined to consent to a search against him, either. But, for the other reasons, I'll deny the motion."

(R. 81-82.) After reserving the right to appeal the denial of his motion to suppress, West pleaded guilty to trafficking in cocaine. This appeal ensued.

On appeal, West argues that the trial court erroneously denied his

motion to suppress the evidence found in West's truck and the statements he
made to police while in custody.  Specifically, West contends that the police
conducted a warrantless search of his truck without probable cause.

In *State v. Landrum*, 18 So.3d 424 (Ala. Crim. App. 2009), this Court
explained:

> "'This Court reviews de novo a circuit court's decision
> on a motion to suppress evidence when the facts are not in
> dispute.  *See State v. Hill*, 690 So.2d 1201, 1203 (Ala. 1996);
> *State v. Otwell*, 733 So.2d 950, 952 (Ala. Crim. App.1999).'
> *State v. Skaggs*, 903 So.2d 180, 181 (Ala. Crim. App. 2004).  In
> *State v. Hill*, 690 So.2d 1201 (Ala. 1996), the trial court granted
> a motion to suppress following a hearing at which it heard only
> the testimony of one police officer.  Regarding the applicable
> standard of review, the Alabama Supreme Court stated, in
> pertinent part, as follows:
>
>> "'"Where the evidence before the trial court was
>> undisputed the ore tenus rule is inapplicable, and
>> the Supreme Court will sit in judgment on the
>> evidence de novo, indulging no presumption in
>> favor of the trial court's application of the law to
>> those facts." *Stiles v. Brown*, 380 So.2d 792, 794
>> (Ala. 1980) (citations omitted).  The trial judge's
>> ruling in this case was based upon his
>> interpretation of the term "reasonable suspicion"
>> as applied to an undisputed set of facts; the proper
>> interpretation is a question of law.'
>
> *State v. Hill*, 690 So.2d at 1203–04."

18 So.3d at 426.  Because the evidence presented at the suppression hearing
is not in dispute, the only issue before this Court is whether the circuit court
correctly applied the law to the facts presented at the suppression hearing, and
we afford no presumption in favor of the circuit court's ruling.

This Court has recognized that a traffic stop is "'"more analogous" to
the brief investigative detention authorized by *Terry v. Ohio*, 392 U.S. 1, 88
S.Ct. 1868, 20 L.Ed.2d 889 (1968)'" than to custody traditionally associated

with a felony arrest.  *Sides v. State*, 574 So.2d 856, 858 (Ala. Crim. App. 1990), quoting *Pittman v. State*, 541 So.2d 583, 585 (Ala. Crim. App. 1989), quoting in turn *Berkemer v. McCarty*, 468 U.S. 420, 439, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984).  In stopping a vehicle for a traffic violation, a police officer has, in Fourth Amendment terms, seized the driver, *Cains v. State*, 555 So.2d 290, 292 (Ala. Crim. App. 1989), quoting *Delaware v. Prouse*, 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979).  "Under *Terry* [*v. Ohio*, 392 U.S. 1 (1968)], law-enforcement officers may stop a vehicle for investigatory purposes based on a traffic violation.  *State v. Rodgers*, 903 So.2d 176, 178 (Ala. Crim. App. 2004)." *J.T.C. v. State*, 990 So.2d 444, 447 (Ala. Crim. App. 2008).

Furthermore, in *Illinois v. Caballes*, 543 U.S. 405, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005), the United States Supreme Court stated:

> "[T]he use of a well-trained narcotics-detection dog – one that 'does not expose noncontraband items that otherwise would remain hidden from public view,' [*United States v.*] *Place*, 462 U.S. [696] at 707 [(1983)] – during a lawful traffic stop, generally does not implicate legitimate privacy interests. In this case, the dog sniff was performed on the exterior of respondent's car while he was lawfully seized for a traffic violation. Any intrusion on respondent's privacy expectations does not rise to the level of a constitutionally cognizable infringement."

543 U.S. at 409, 125 S.Ct. 834.  *See also Seeley v. State*, 669 So.2d 209, 212 (Ala. Crim. App. 1995) ("Likewise, the 'sniff test' by the narcotic detection dog did not come within the protection afforded by the Fourth Amendment.").

Here, the relevant inquiry is whether an investigatory detention was justified and whether the detention was unreasonably long.  West was lawfully detained by the police officers who witnessed him commit various traffic violations; thus, the officers were justified in carrying out an investigatory detention.  The record does not indicate that the detention was so prolonged that it became unconstitutional.  Officer Mock testified that Officer Kinney arrived on the scene with a narcotics-detecting dog shortly after he was contacted by Officers Holley and Mock.  Once the dog indicated the presence of narcotics, the officers then had probable cause to search West's truck.  *See State v. Montgomery*, 968 So.2d 543, 552 (Ala. Crim. App. 2006) ("[A]n alert

by a trained drug-sniffing dog provides probable cause to search without a warrant."). Accordingly, the trial court properly denied West's motion to suppress.

Based on the foregoing, the judgment of the trial court is affirmed.

*West v. State*, 53 So.3d 990, 991-94 (Ala. Crim. App. 2010).

This court need not belabor its discussion of West's Fourth Amendment claim. Under *Stone v. Powell,* 428 U.S. 465, 482 (1976), "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."[3]  This rule applies to all claims arising under the Fourth Amendment. *See e.g. Cardwell v. Taylor*, 461 U.S. 571, 572 (1986). Here, for purposes of *Stone*, West clearly had a "full and fair" opportunity to litigate his Fourth Amendment claim in the state courts. He was afforded an evidentiary hearing in the trial court on his motion to suppress, followed with a direct appeal to the Alabama Court of Criminal Appeals and an application for discretionary review by the Alabama Supreme Court. The transcript of the hearing on West's motion to suppress (*see* Exh. A - Part 1 at 41-66 & Part 2 at 1-56) and the appellate opinion by the Alabama Court of Criminal Appeals make plain that both the trial court and the appellate court fully and fairly considered the

---

[3] The rule announced by the Supreme Court in Stone is applicable despite *legal or factual error* in the state court, and does *not* require a federal court to review the state court's factfinding or its application of Fourth Amendment law. *See Willett v. Lockhart*, 37 F.3d 1265, 1272-73 (8th Cir. 1994) (federal courts "are not to consider whether full and fair litigation of the claims in fact occurred in the state courts, but only whether the state provided an opportunity for such litigation."

Fourth Amendment claim raised by West.  Under the principle set forth by the United States Supreme Court in *Stone v. Powell*, this court is precluded from reviewing the state court's determination.

The rule of *Stone v. Powell* applies to both the drug evidence found in West's vehicle and his subsequent custodial statements to the police.  In the state courts, and in his habeas petition, West did not rely on the involuntariness of the statements made – a concern under the Fifth Amendment – but on whether there was a causal link between the statements and a violation of the Fourth Amendment.  *See Cardwell v. Taylor*, 461 U.S. at 572-73.  The state courts determined that there was no Fourth Amendment violation in the stop and search of West's vehicle; thus West's statements were not obtained in violation of the Fourth Amendment.  Because West had an opportunity for full and fair litigation of his Fourth Amendment-related issues in the state courts, the claim in his federal habeas petition is precluded from review by this court under the doctrine of *Stone v. Powell*.  *See Peoples v. Campbell*, 377 F.3d 1208, 1225 (11th Cir. 2004); *Huynh v. King*, 95 F.3d 1052, 1057–58 (11th Cir. 1996); *Morgan v. Estelle*, 588 F.2d 934, 940 (5th Cir. 1979).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by West be DENIED.

2. This case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before September 11, 2012.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 27th day of August, 2012.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

10